## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

    v.

Associated Dry Goods Corp.

September 7, 1988

Case No. LL 913-1

By JUDGE MELVIN R. HUGHES, JR.

The Court is presented with cross motions for partial summary judgment in this litigation concerning the right of the Commonwealth of Virginia to escheat unredeemed gift certificates held by Associated Dry Goods (ADG) under the Virginia Uniform Disposition of Unclaimed Property Act (UDUPA). The motions also ask the Court to decide the matter of cost involved in searching the records so that the unclaimed property can be assigned according to rules governing entitlement to the property under the UDUPA among the Commonwealth and other states.

The overriding consideration followed in *Pennsylvania v. New York*, 407 U.S. 206 (1972), is fundamental ease of administration and equity. *Pennsylvania* allows escheat to that State for which there is an address of the creditor, be it the purchaser or the recipient. The *Texas v. New Jersey*, 379 U.S. 624 (1965), priority scheme allowing for escheat to the state of incorporation should apply to all property for which there is no address of the buyer or the recipient. I see no real distinction between money

orders in *Pennsylvania* and unredeemed gift certificates here considering the scenarios of ways the unclaimed status of these instruments came about in both cases, be they not delivered by the purchaser after purchase, unredeemed by the recipient after delivery, etc.

As to cost, the Commonwealth should bear the cost for searches which allow escheat to it as the corporate domiciliary state where addresses cannot be found and ADG should bear the cost for all others. This, I suppose, can be handled on an accounting basis for reimbursement after the search is complete.

I might add that ADG seems to concede to the Commonwealth's argument that in cases where the address of the buyer and the recipient are both known, the Commonwealth has the right when the address of the recipient is in the Commonwealth.